King, J.
August 16, 1898, the defendant in error, as plaintiff, recovered a judgment against plaintiff in error in the city and’ justice court of Toledo and Port .Lawrence township for '$10.40 debt and $7.75 costs of suit. On August 25, 1898, the defendant below gave his appeal bond, to the approval of the justice of said court. September 18, 1898 — less-than thirty days from the rendition of said judgment — the transcript and papers were filed in the clerk’s office of the-court of common pleas of Lucas county. ¡September 14, 1898, the plaintiff below moved to dismiss the appeal, because the plaintiff below had procured and filed a transcript without paying the costs taxed and adjudged against him, and without the plaintiff’s consent. This motion was heard by the court below, sustained and the appeal dismissed.
This action of the court of common pleas is assigned as error. On the hearing of the motion the plaintiff offered in evidence the affidavit of his attorney, A. F, Hanson, to the effect that he had informed plaintiff’s attorney and also the clerk of said court that for the defendant to appeal he must pay the costs. Plaintiff’s own affidavit is also filed to show that he was required by the clerk of the city and justice court to pay, and that he did pay, when he commenced his action, the sum of one dollar, and, on the rendition of the judgment the further sum-of $11,35. The affidavit of Hanson above mentioned has no other effect on the question here raised than to show that the plaintiff had not waived in any manner the payment of costs. There was also filed the affidavit of the clerk of the city and justice courts to the effect that defendant’s attorney demanded of him a transcript, and the clerk having made one had delivered the same to him, first requiring him to pay the costs of the' transcript, $2.40, which the defendant’s attorney paid,, and the clerk did not require the other costs taxed in the case, amounting to $7.75, to be paid, nor request that they, be paid, and the same were not paid.
*272 This evidence is embodied in a bill of exceptions, and it •was upon this evidence that the court below dismissed the •appeal. It is conceded that it was dismissed by the court •below because the appellant aid not comply with the provisions contained in the act under which these justice’s •courts are now organized.
Tnis act was passed April 25, 1898, and is found in volume 93 O. L. ,at page 322. A part of this act is section 621-5, which contains these provisions, after providing for certain fees to be taxed; for instance, the plaintiff on commencing ■the suit is to pay one dollar; and hefore the trial of the case, the further sum of one dollar, and the party recovsring judgment shall be entitled to have taxed as a part of the costs in the case a fee of five dollars for his attorney, and there are some other provisions to that section, and it •closes up in this way:
“* * * Except that if any party to such action desires to take sai 1 case to a higher court, as provided by law, he shall first pay to the clerk of said court the further sum of two dollars, which shall be in full for making out the necessary transcripts, papers, etc., to take said case to said higher court, and a like fee shall be paid in the same, manner for a transcript for a lien, and he shall pay all the costs accrued lo date, and said clerk shall not deliver up said papers until said fee and costs are paid. The sum or sums so paid shall be taxed as costs of suit in favor of the party paying the same, if he be the prevailing party in the suit, in addition to any other costs to which he may be entitled by law. In criminal cases the same costs shall be paid, and in the same manner as in such proceedings before justices of the peace in townships, except that the same ■shall be paid to the said clerk, as in civil cases as provided.”
This is a long act. It amends section 621 in some ■ respects, and then adopts as supplemental to it certain sections up to and including section 7,aud then amends sections '6475, 6182, 6449, and then supplemental to that’! are five •other sections which prescribe the manner of getting jurors áor this court.
*273 •This act in the sections supplemental to sections 621 and 649 — which are now in the statutes and made as additional sections to the original sections here amended ■ — 'provides in the first of these, either expressly or by implication, and that provision is carried through — that:
. “In all cities of the third grade of the first class, and township or townships therein, there shall be four judges and justices of the peace in and for said cities and townships. ”
Now,all these provisions contained in the supplementary sections are only applicable to those officials, whatever they may be, and therefore those provisions are only applicable 'to a city of the grade and class named in section 621- 1, which, it is conceded, is the city of Toledo, and therefore, in Toledo, in order to appeal a case from this court, created by this act, to the common pleas, it is necessary for the appellant to pay all of the costs that were adjudged against him in this city court, and that provides a new condition to the right to enter the court of common pleas of Lucas •county, Ohio,and that condition attaches, not to the citizens of Lucas county, but only to those who live in the city of Toledo, and the question is, is that a valid condition ?
- We are not called upon to discuss any other part of this •statute, or to refer to any other part, but only to determine •whether or not the court of common pleas was authorized to •dismiss this appeal because the appellant had not paid the costs before he took the transcript from the justices’ clerk. That would not seem to need much discussion. The supreme court of Ohio as long as the case of Kelley v. The State (6 Ohio St., 269) held that all acts and provisions relating to the jurisdiction of the court of common pleas are acts of a general nature and must have a uniform operation throughout the state. You cannot create, under the constitution of Ohio, a different condition or jurisdiction for the court of common pleas of Lucas county than in any other *274 county in the state; nor for any township of Lucas county,, or for any city in Lucas county. This particular clause of the statute relates only to the right to go into the court of common pleas, and we are not here discussing whether it is-a valid provision to tax attorneys’ fees; although, if we were, I would say that it is a provision that has not been, looked upon with favor by the courts of Ohio. The question is — -after a judgment has been recovered and rendered, by this court, after it stands as a judgment against a party, can a party go on #nd go into the court of common pleas — - can he appeal this action, if it be such a one as under the general laws of the state is appealable, and before he appeals must he pay all the costs? The general law provides that actions may be appealed by giving bond to the satisfaction of the justice of the peace within thirty days after the rendition of judgment and securing from the justice of the peace a transcript of the proceedings had before him, for which the justice is entitled to receive his fee; then' when this transcript is filed with the court of cjmmon pleas, that makes a valid appeal to the court of common pleas. The supreme court said in a case in 53 Ohio St., 24.
“We do not think the general assembly has power to discriminate between persons and classes respecting the right to invoke the arbitrament of the courts in the adjustment of their respective rights.’’
And they say some things there with reference to attorneys’ fees, which are not pertinent here, but indicating that they would not be looked upon favorably. However, this is aside. We are clearly of opinion that the legislature-have no power to affix to the right to appeal to the court of common pleas of Lucas county, or from any township in the county, any different conditions of appeal from those-prevailing in the whole state,and therefore we hold that that part of the section is invalid. We are also of opinion that the court of common pleas was not justified in dismissing. *275 this appeal upon the evidence, if the act were valid. The evidence shows that the clerk delivered the transcript to appellant and demanded of him the fee for the transcript, which he paid, and thereupon he filed it in the court of common pleas. Now it would seem, that having done and having paid all that was demanded of him, if there was attached a condition that these fees should be paid, that the court of common pleas should have merely held that to be a defect which did not authorize the dismissal of the appeal until a ■reasonable opportunity had been given to the appellant to comply with the provisions of the statute. But we hold that provision invalid, so that there need not be any ques. tion about our judgment upon that point, and reverse the case and remand it to the court of common pleas for further proceedings.
C. E. Longwell, for Plaintiff in Error,
A. F. Hanson, for Defendant in Error.